UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re: )
 )
 KHANG NGUYEN KARIM ) Case No. 09-11268-SSM
 ) Chapter 7
 Debtor )

# AMENDED[1] MEMORANDUM OPINION

Before the court is the motion of W. Clarkson McDow, Jr., United States Trustee, Region Four ("U.S. Trustee") to dismiss this case on the ground that the debtor's failure to obtain the credit counseling required by § 109(h) of the Bankruptcy Code prior to the filing of the bankruptcy petition made her ineligible to be a debtor. The debtor acknowledges the failure but contends that exigent circumstances justified the filing. A hearing was held on June 16, 2009, at which the debtor was present in person and was represented by her attorney of record. For the reasons stated, the U.S. Trustee's motion will be granted and the case will be dismissed.

Background

Khang Nguyen Karim ("the debtor") filed a voluntary petition in this court on February 20, 2009, for relief under chapter 7 of the Bankruptcy Code, listing $603,713 in unsecured debts. With the petition, she filed a Statement of Compliance with Credit Counseling Requirement (Exhibit D to the petition). The statement — signed under penalty of perjury — represented that within 180 days before the filing of her bankruptcy case, she had received a briefing from a credit counseling agency that outlined the opportunities for available credit counseling and

---

[1] Amended to correct certain dates.

1

assisted her in performing a related budget analysis. The statement further represented, "*I have a certificate* from the agency describing the services provided to me" (emphasis added). In point of fact, she did not complete the credit counseling and receive a certificate from the agency until February 26, 2009, six days after the petition was filed. Motions for relief from the automatic stay were filed by mortgage lenders secured by real property at 233 South Victoria Avenue, Atlantic City, New Jersey, and at 6123 Greeley Boulevard, Springfield, Virginia. Both properties were described on the debtor's schedules as "rental," and each was shown as being worth substantially less than the mortgage debt. Both motions were granted by consent, and the trustee filed a report of no distribution on April 17, 2009.

On May 22, 2009, the United States Trustee filed the motion that is presently before the court seeking dismissal of the case because the required credit counseling was not obtained until after the case was filed. The debtor filed a response stating that her attorney had prepared the Statement of Compliance in the belief that the debtor would be able to complete the credit counseling before the filing; that she had attempted on February 13, 2009, to schedule a counseling session with an approved counseling agency; but that the earliest available date would have been too late because of a counsel's own deadline of February 20th for a filing intended to stop a pending foreclosure sale that was scheduled for February 24th.

At the hearing, the debtor testified that sometime shortly after February 5, 2009, she had received a foreclosure notice for the Greeley Boulevard property, with the foreclosure sale to be held on February 24, 2009. The property was jointly owned by the debtor and her nephew, and the nephew lived there. The debtor and her nephew jointly paying the mortgage. On February 13, 2009, she signed a request for credit counseling services which her attorney faxed to

ClearPoint Financial Solutions, Inc., an approved credit counseling agency.  The debtor testified that February 26, 2009, was the earliest date that ClearPoint could provide the counseling.

<u>Discussion</u>

I.

Among the significant changes to bankruptcy practice made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, 119 Stat. 23 ("BAPCPA") is a requirement that individual debtors, within 180 days prior to filing a bankruptcy petition, receive from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlines the opportunities for available credit counseling and that assists the individual in performing a related budget analysis.  §109(h)(1), Bankruptcy Code.  The legislative history reflects that the purpose of this requirement is "to give consumers in financial distress an opportunity to learn about the consequences of bankruptcy—such as the potentially devastating effect it can have on their credit rating—before they decide to file for bankruptcy relief."  H.R. Rep. 109-31, p. 18, *reprinted* at E-2 Collier on Bankruptcy App. Pt. 10-269 (15th ed. rev. 2005).  The requirement may be deferred with respect to a debtor who submits to the court a certification that (1) "describes exigent circumstances that merit a waiver" of the credit counseling requirement; (2) "states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services . . . during the 5-day period beginning on the date on which the debtor made that request;" and (3) "is satisfactory to the court."  §109(h)(3)(A)(i)-(iii), Bankruptcy Code.  An "exigent" circumstance is an urgent or emergency situation that makes it necessary to file a bankruptcy case immediately because bankruptcy relief would be unavailing if the filing of the petition had to be delayed to

3

obtain credit counseling first.  *In re Palacios*, 2008 WL 700968, at *1, 2008 Bankr. LEXIS 755, at *3 (Bankr. E.D. Va. 2008).  Common situations that may, depending on the circumstances, qualify as "exigent" include an impending foreclosure or eviction.  *In re Childs*, 335 B.R. 623, 630 (Bankr. D. Md. 2005).  The deferment, if granted, is effective for 30 days and may be extended by the court for an additional 15 days.  §109(h)(3)(B), Bankruptcy Code.  In addition to granting a deferment, the court has the power to exempt a debtor altogether from the counseling requirement, but only if the debtor is unable to complete the requirement because of mental incapacity, physical disability, or active military service in a military combat zone. § 109(h)(3)(B), Bankruptcy Code.  Failure to obtain the required credit counseling ordinarily requires dismissal of the case.  *In re Watson*, 332 B.R. 740 (Bankr. E.D. Va. 2005).  There may, however, be exceptional cases in which dismissal is not mandated.  *In re Vollmer*, 361 B.R. 811 (Bankr. E.D. Va. 2007) (holding that eligibility requirements of §109(h) are not jurisdictional and that prisoner was entitled to temporary and permanent waiver of credit counseling requirement when he was unable as a practical matter to either request or participate in credit counseling or financial management class).

II.

The present case raises three issues.  The first is whether the requirements for the exigent circumstances exception have been shown.  If so, the second is whether the debtor should be allowed to rely on the exception when she had previously filed a false certification that she had obtained the credit counseling prior to the filing of the petition.  And the third is whether, even if the credit counseling requirement was not satisfied, dismissal is mandated if it would serve no useful purpose.

A.

Although the evidence was not as clear as it could have been (in part because of the debtor's limited English-language proficiency), it appears from the exhibits and testimony that the debtor requested services from the credit counseling agency on February 13, 2009, but could not be scheduled for a counseling session until February 26, 2009, which was more than five days later. The reasons for this extraordinary delay are unexplained, but in the absence of contrary evidence, the court will accept that it occurred. The United States Trustee argues that if the agency was really that backed up, the debtor should have tried another, but the statute imposes no such obligation, and the court is reluctant to read such a duty into the plain language of the statute.

The question then is whether the circumstances the debtor faced were "exigent" in the sense that bankruptcy relief would have been unavailing if the filing of the petition had to be delayed to obtain credit counseling first. The court agrees that an impending foreclosure sale would normally qualify as an exigent circumstance. The court also agrees with debtor's counsel that a debtor should not be required to wait until the very eve of a foreclosure sale to file a petition. Any number of glitches might interfere with a last-minute filing, and it is obviously prudent not to run that risk. Here, however, the foreclosure was of the Greely Street property, which was not the debtor's residence but her nephew's. More importantly, this was not a chapter 11 or chapter 13 case in which the debtor was seeking to save the property by curing the mortgage arrears through a plan — and where it would have mattered a great deal whether a

foreclosure sale had been completed prior to the filing of the petition[2] — but a chapter 7 case in which the debtor did not oppose the foreclosing creditor's motion for relief from the automatic stay.  In short, no circumstances were presented showing that it mattered whether the foreclosure occurred before or after the date of the bankruptcy filing or that the debtor's rights would have been diminished in any material way had she waited until February 26th to file her petition.  Thus, the court concludes that a sufficient showing of exigent circumstances has not been made.

B.

Because the court does not find that exigent circumstances compelled the filing of the bankruptcy petition before the debtor could obtain credit counseling, the court need not reach the issue of whether the debtor should be barred from invoking the exigent circumstances exception when she had previously certified, under penalty of perjury, that she had not only *completed* the requirement prior to the filing but had a certificate from the counseling agency.  Some brief comment is nevertheless appropriate.  In this case, not only was the Statement of Compliance false when it was made, there was no effort to correct it when the true facts became known.  Even if counsel had honestly believed, at the time he prepared and filed the petition, that his client had completed the counseling, he certainly knew no later than February 26th (when he filed the certificate with the court) that this was not so.  Instead, he simply filed the certificate and did not seek to amend the Statement of Compliance to invoke the exigent circumstances exception.  Indeed, the debtor did not raise the exigent circumstances exception until after the United States Trustee filed the present motion to dismiss.

---

[2]  *See Abdelhap v. Pflug*, 82 B.R. 807 (E.D. Va. 1988) (holding that fall of hammer at foreclosure sale extinguished debtor's interest in property).

Moreover, even counsel's honest misunderstanding at the time the petition was filed would not really excuse the false Statement of Compliance.  Although bankruptcy petitions, schedules, and statements are commonly prepared by attorneys, the debtor is required to read them before signing and to certify their truthfulness under penalty of perjury.  Put another way, it is no defense to signing false schedules or statements that a debtor did not read them and simply relied on his or her attorney to have prepared them correctly.  Had the error been promptly corrected, a different situation might be presented; but in this case, more than three months elapsed before the debtor acknowledged—and only in response to the U.S. Trustee's motion to dismiss—that the credit counseling had not been completed prior to the filing of the petition.  For that reason, even had the situation truly required the filing of the petition when it did, the court would be disinclined to allow a belated invocation of the exigent circumstances exception.

C.

As Section 109(h) is phrased, credit counseling is a condition of *eligibility* for an individual to be a debtor.  Lack of eligibility ordinarily requires dismissal of a bankruptcy case.  The debtor asserts, however, that because the credit counseling requirement is not *jurisdictional*, this court has the discretion not to dismiss the case in exceptional circumstances, citing, among other cases, *In re Hess*, 347 B.R. 489 (Bankr. D. Vt. 2006).  *Hess* was a consolidated opinion issued with respect to two different debtors.  The first had actually received credit counseling, but from an agency that had not yet been approved.  The second debtor's case had been prematurely filed by mistake while her attorney had been hospitalized.  In each case, the court concluded that dismissal would constitute an a manifest injustice and declined to do so.  In so

ruling, *Hess* adopted a totality of the circumstances test that included a consideration of the following factors:

> (1) whether the debtor filed the case in good faith, (2) whether the debtor took all reasonable steps to comply with the statutory requirements, (3) whether the debtor's failure to comply was the result of circumstances that were both extraordinary and beyond the control of the debtor, (4) whether the debtor's conduct meets the minimum requirements of § 109(h), (5) whether any party would be prejudiced by allowing the case to proceed, and (6) whether there are any unique equitable factors that tip the balance in one direction or the other.

347 B.R. at 498.  Other courts, including this court, have either declined to follow *Hess* or have limited it.  *See, e.g., In re Bain,* 2008 WL 2570831, 2008 Bankr. LEXIS 3603 (Bankr. E.D. Va. 2008); *Clippard v. Bass,* 365 B.R. 131 (W.D. Tenn. 2007); *In re Ruckdaschel*, 364 B.R. 724 (Bankr. D. Idaho 2007); *In re Ginsberg*, 354 B.R. 644 (Bankr. E.D. N.Y. 2006); *In re Duplessis*, 2007 WL 118945, 2007 Bankr. LEXIS 117 (Bankr. D. Mass. 2007); *In re Dyer*, 381 B.R. 200 (Bankr. W.D. N.C. 2007).  As this court explained in *Bain*:

> [A]lthough the eligibility requirements of § 109(h) may not be jurisdictional, they are also not freely waivable at the court's discretion, but only, if at all, to prevent an abuse of the bankruptcy system, as in *In re Lilliefors*, 379 B.R. 608 (Bankr. E.D. Va. 2007), in which Judge Mayer of this court declined to dismiss a case when a debtor, after certifying that he had met the credit counseling requirement, then changed tack once assets (a $60,000 surplus from a foreclosure sale) became available and sought dismissal of the case on the ground that, after all, he had never followed up by filing the certificate from the credit counseling agency.

*Bain*, 2008 WL 2570831, at *2, 2008 Bankr. LEXIS 3603, at *6.  Here, the question is not, as the debtor seems to argue, whether dismissal would serve a useful *purpose* but whether it would constitute a manifest *injustice*.  In *Bain*, the court acknowledged that credit counseling, had it been obtained prior to the filing of the petition, would not likely have resulted in any recommendation other than the filing of a bankruptcy petition, and that dismissal of the case would confer no discernable benefit on creditors.  *Bain*, 2008 WL 2570831, at *3, 2008 Bankr.

8

LEXIS 3603, at *7. Nevertheless, because the statute was plain, the court dismissed the case. *Id.* The same result is mandated here. Whatever may be the exact contours of manifest injustice, a mere misunderstanding of the facts, and the mere inconvenience of having to file a second time, does not rise to that level.

A separate order will be entered granting the U.S. Trustee's motion to dismiss.

Date: _____        _____
                                    Stephen S. Mitchell
Alexandria, Virginia               United States Bankruptcy Judge

Copies to:

Khang Nguyen Karim
43165 Tall Pines Court
Ashburn, VA 20147
Debtor

Michael R. Strong, Esquire
The Strong Law Firm, P.C.
7202 Arlington Blvd., Suite 202
Falls Church, VA 22042
Counsel for the debtor

Martha L. Davis, Esquire
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314

Kevin R. McCarthy, Esquire
1751 Pinnacle Drive
Suite 1115
McLean, VA 22102
Chapter 7 trustee